UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
 )
VS. ) CR05-0055T
 )
SHAWN LEWIS )

## MOTION TO CORRECT PRESENTENCE REPORT

Now comes Shawn Lewis, the Defendant in the above captioned matter, and moves this Honorable Court to change ¶41 of his PSR. The entry refers to a 1996 State conviction for Escape when, in fact, Mr. Lewis was charged with and pled nolo contendere to assault on a correctional officer. (Criminal information, affidavit, and plea form attached). Mr. Lewis's motion to correct the State judgement is pending now before Magistrate Judge MacAtee, RI Superior Court. (Motion attached). This error has resulted in prejudice against Mr. Lewis by raising his classification status within the BOP, and by exposing him to higher security transport by the BOP and US Marshall's Service. Mr. Lewis asks the Court to change his PSR to reflect the correct conviction and also to keep him held in the District of Rhode Island until the State record is corrected.

Respectfully Submitted
Shawn Lewis,
By and through his counsel

Kevin J. Fitzgerald
Assistant Federal Defender

Certification

I hereby certify that I caused this motion to be delivered to USPO Dennis Jenkins, 36 Exchange Terrace, Providence 02903, and AUSA Lee Vilker, 50 Kennedy Plaza, 8th Floor, Providence 02903 on this the 26th day of July 2006.

8:20
8:27

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

CH

STATE OF RHODE ISLAND

v.

SHAWN S. LEWIS
alias John Doe

PROVIDENCE, S.C.

Criminal Information No.
P2/96-2675A

CRIMINAL INFORMATION

The Attorney General of the State of Rhode Island charges:

That SHAWN S. LEWIS, alias John Doe, of Providence County, on or about the 26th day of May, 1996, at Cranston, in the County of Providence, being a prisoner confined in the Intake Service Center of the Adult Correctional Institutions, did assault Captain Stephen Bannon, correctional officer, in violation of §11-25-2 of the General Laws of Rhode Island, 1956, as amended (Reenactment of 1994).

Against the form of the statute in such case made and provided and against the peace and dignity of the state.

GEORGE PAGE
Assistant Attorney General
Designated by the Attorney General

SUPERIOR COURT
FILED
HENRY S. KINCH, JR.

96 AUG -6 AM 9:53

POLICE NARRATIVE

I swear that the facts which follow are true to the best of my knowledge:

Signature ________

On Sunday, May 26, 1996, at approximately 3 P.M., Acting Chief Inspector Aaron Aldrich received a telephone call from Chief Investigator Steven Boyd. Investigator Boyd informed Acting Chief Aldrich that members of the Special Investigation Unit had reported to the Medium Security facility earlier in the afternoon to conduct an interview with a female visitor of inmate Shawn Lewis. Investigator Boyd had received informant information indicating that Shawn Lewis' visitor may be in possession of contraband. Investigator Boyd indicated that the interview and search of Shawn Lewis' visitor was unproductive and no contraband was found; therefore, the female party was allowed to continue to the visitation room where she met with inmate Shawn Lewis.

Once inmate Lewis entered the visiting room and was informed by the female visitor of the above events, he apparently became hostile and engaged in a heated argument with visiting room staff. Captain Bannon reported to the visitation room and informed inmate Lewis that his conduct would result in a disciplinary action and further informed Lewis that he is going to be transported to the Segregation Unit. Captain Bannon indicated that at this time inmate Lewis assaulted him by striking him several times in the head and face. Inmate Lewis was subdued by other Correction staff and transported to the Segregation Unit. Captain Bannon sustained minor facial injuries as a result of the assault by inmate Lewis.

Acting Chief Aldrich responded to Medium Security and obtained photographs of Captain Bannon's injuries and also photographed the injuries sustained by inmate Lewis during restraint.

During the assault upon Captain Bannon by inmate Lewis, Correctional Officers John Gervais, Michael Otrando and Paul Sivo responded to assist. Correctional Officers Gervais, Otrando and Sivo had to physically remove inmate Lewis from Captain Bannon and transport him to Segregation.

Inmate Shawn Lewis will be charged with one count of assault upon a correctional officer.

Signed and sworn to before me at Providence

on this 17th day of July, 1996.

Special Assistant Attorney General
designated by the Attorney General

11/93

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# REQUEST TO ENTER PLEA OF NOLO CONTENDERE OR GUILTY

☒ SUPERIOR COURT ☐ FAMILY COURT

| | |
|---|---|
| 1. STATE OF RHODE ISLAND VS. SHAWN LEWIS | 2. CASE NO. P2/96-2675A |
| 3. CHARGES ASSAULT (11-25-2) | 4. PENALTY 20yrs Maximum |

I, the above named defendant, do hereby request Court permission to withdraw my present plea of **Not Guilty** and to enter a plea of **Nolo Contendere** or Guilty. I understand the plea of **Nolo Contendere** is for all purposes the same as a plea of Guilty and that I will be admitting sufficient facts to substantiate the charge(s) which has (have) been brought against me in the case to which this plea relates. I understand by changing my plea I will be giving up and waiving each and all of my following rights:

1. My right to a trial by jury or by a Judge, sitting without a jury, and my right to appeal to the Supreme Court from any verdict or finding of guilt.
2. My right to have the State prove each and every element of the charge(s) against me by evidence and proof beyond a reasonable doubt.
3. My right to the presumption of innocence.
4. My privilege against self-incrimination.
5. My right to confront and cross-examine the State's witnesses against me.
6. My right to present evidence and witnesses on my own behalf and to testify in my own defense if I choose to do so.
7. My right to appeal to the Rhode Island Supreme Court from the sentence imposed by the Court after the entry of my plea of **Nolo Contendere** or **Guilty**.
8. My right to have the Court obtain and consider a pre-sentence report before the imposition of sentence by the Court.

No promises have been made to me by my Attorney, the State's Attorney, or the Court, other than the fact the Court has agreed to impose the following sentence in addition to whatever money costs are imposed by law.

5. SENTENCE Agreed to 5 year sentence, one (1) year to serve, four (4) years suspended, CONSECUTIVE to sentence presently serving, with agreement that no Rule 32(f) Violation and no "NATIONAL CRIMINAL" charges will be brought by any Agency, including the Attorney General's Office, Regarding this charge.

I understand if the Court imposes the sentence referred to above, I will not be permitted to withdraw my plea of **Nolo Contendere** or **Guilty** except by permission of the Court.

I have discussed the entire contents of this form with my Attorney, who has explained it to me. I have no questions as to what it states and means, and I understand it completely. **I swear to the truth of the above.**

| | | |
|---|---|---|
| 6. WITNESS (Attorney for the Defendant) Signature [signature] | DATE 9/10/96 | 8. DATE/TIME STAMP |
| Print Name ANTHONY J. DIORIO | Registration No. 3415 | |
| 7. DEFENDANT Signature Shawn Lewis | DATE 9/10/96 | SUPERIOR COURT FILED HENRY S. KINCH JR. |
| Print Name SHAWN LEWIS | | 96 SEP 13 AM 10:17 |



CERTIFICATE OF JUDGE ON REVERSE SIDE

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE COUNTY SUPERIOR COURT

STATE OF RHODE ISLAND

vs. P2-1996-2675A

SHAWN LEWIS

MOTION TO CORRECT RECORD

Now comes Shawn Lewis, the Defendant in the above captioned matter, and moves this Honorable Court to correct the Judgement of Conviction and Commitment entered in this case. The State charged Mr. Lewis by information of assaulting a corrections officer at the ACI on May 26, 1996, under RIGL § 11-25-2. *See* attached information. This assault took place at the medium security facility when Mr. Lewis's wife was searched by corrections personnel and his visit was cut short. See attached affidavit in support of the information. Mr. Lewis pled nolo contendere to the charge of assault contained in the information before Magistrate Judge McAtee on September 19, 1996. *See* attached nolo contendere plea form. The conviction order, however, incorrectly lists the count of conviction as escape. *See* attached Judgement of Conviction and Commitment. Mr. Lewis asks that the court correct the record and issue a new conviction order.

Respectfully submitted,
Shawn Lewis
By his Attorney,

Kevin J. Fitzgerald, 5775
Assistant Federal Defender

TO: Clerk of the Court:

Please put this motion down for hearing on July 6, 2006.

CERTIFICATION

I hereby certify that on 7th, 2006, I delivered a copy of said motion to the Clerk of the Court and sent a copy to the Rhode Island Attorney General's Office, 150 South Main Street, Providence, RI, 02903.